810 So.2d 784 (2001)
In the Matter of ANONYMOUS, a minor.
2001026.
Court of Civil Appeals of Alabama.
July 18, 2001.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App. P.; and Ex parte Anonymous, 803 So.2d 542 (Ala.2001).
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., dissents.
YATES, Presiding Judge, dissenting.
The trial judge states in his order:
"The operative words setting the basis for the granting of the petition are:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor.
"An abortion is not in the petitioner's best interest. The risks attendant upon an abortion, physical and emotional, immediate and long-term, far outbalance her desire to escape from the predicament in which she finds herself, regardless of her willingness to assume those risks.
"Yet she has another alternative. Even if she cannot satisfy the Court that an abortion is in her best interest, she can obtain relief if she is `mature and well-informed enough to make the abortion decision on her own' (emphasis added).
"[The minor] has shown herself to be well-informed.... She is well-informed enough to make the decision.
"But is she mature enough? The Court is not satisfied that she is mature enough. Knowledge is not maturity.
"She testifies that she has a sexually active older sister ... on birth control pills.... She could talk to her sister and she would talk to her if there were post-abortion problems, but she has not sought her advice.
"She testifies that her mother's best friend is available for consultation.... She could talk to her and she could go to her for help if there were post-abortion problems, but she has not sought her advice.
"She has never talked with a woman who has lost a child.
"Her most important previous decision was made about six months ago when she decided to engage in sexual intercourse with her ... boyfriend. She testified that she realized that there was a danger of pregnancy but seems to have been satisfied that condoms would eliminate that risk. In order to make a mature decision then, should she not have consulted with her sister as to why *785 [her sister] was taking birth control pills?
"It is obvious that she simply does not want anyone to know of her situation.
". . . .
"The Court's decision cannot be based upon what the parents would say if she sought their permission but the Court ought to be able to consider her reasons for not wanting to tell her parents, as those reasons bear on her maturity.
"There is a mature woman available to [the minor,] who has faced the same situation,[1] who loves her, and who wants the very best for her. That woman is her mother....
"Apparently, [the minor] has talked only with [an abortion counselor and a `pro-life' counselor], and her boyfriend. She simply does not want anyone else to know. If [the minor] were mature enough to make this decision on her own, would she not have sought the counsel of her sister, or her mother's friend? Given the singular family history, would a mature [17]-year-old have sought her mother's counsel rather than file this petition?
"It is the finding of this Court that [the minor], while well-informed, is not mature enough to make this decision on her own nor is an abortion in her best interest."
Before testimony was taken, the trial judge stated:
"[W]hat you have asked the Court to allow you to do is something that is extremely serious and fatal for your child. And it has been my practice for three years now when I'm faced with these cases to not only have a lawyer for you but to have a lawyer to represent the interest of the unborn child, and that's why [he] is here.
"Both of these lawyers have been in manyI would even say too manyof these cases, because even one is too many."
The minor testified that she and her boyfriend plan to marry when they are older and that they have discussed having three children. The lawyer the trial judge appointed to represent the fetus asked if the minor, knowing that "one of the risks that you are going to face is the possibility that you will be sterile after this procedure," was "willing to place your future three children at risk." The lawyer then asked, if she died as a result of the abortion, "Would that not take away not only your three children but your boyfriend's future wife and his three children?" The lawyer also asked if the minor had ever heard of post-abortion syndrome in men. He asked if she was aware that men are "very often affected psychologically by their child being taken in abortion" and if she was willing to "place [her boyfriend] at the same risk" she was taking. The lawyer also said to the minor: "If you did have a complication and you had to go to the hospital, your church congregation is going to find out what's happened. How is that going to effect your going to church every Sunday?"
Finally, at the close of the proceedings, the trial court stated: "But as I said when I began, I'm sorry you find yourself in this situation, and I know that you want out. But I have a real burden on my heart for this situation."
The trial judge concluded that an abortion is not in the minor's best interest, because, he says, the risks "far outbalance *786 her desire to escape from the predicament in which she finds herself."
The trial judge concluded that the minor is "well-informed enough to make the decision." His conclusion that the minor is not mature enough is not supported by the record. The record does, however, provide clear and convincing proof that an undue burden has been placed on the minor and that her constitutional right to an abortion by way of a judicial waiver has been thwarted. The trial judge bases his finding that the minor is not mature on the fact that she has not talked with her sister, her mother, and/or her mother's friend.
Our supreme court has stated: "When applying the ore tenus standard of review, we will reverse a trial court's judgment only when that judgment is `plainly erroneous or manifestly unjust.'" Ex parte Anonymous, 803 So.2d 542, 547 (Ala.2001). The judgment in this case is plainly erroneous and manifestly unjust. The judgment is due to be reversed, and the waiver granted. Therefore, I dissent.
NOTES
[1] The trial judge is apparently referring to the fact that the minor's mother was not married when the minor's older sister was born.